UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-835-DMG (JCx) | Date | February 8, 2023 |
|---|---|---|---|
| Title | *Shaw Tabanfar, et al. v. State Farm General Insurance Company* | Page | 1 of 2 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On February 3, 2023, Plaintiffs Shaw and Lina Tabanfar filed a Complaint in this Court asserting claims under California law against Defendants State Farm General Insurance Company ("State Farm") and Does 1–25, inclusive. [Doc. # 1.]  In the Complaint, Plaintiffs allege that they are "resident[s]" of and domiciled in Los Angeles County and State Farm is "domiciled" in Illinois.  Compl. ¶¶ 1–6.

Plaintiffs invoke this Court's diversity jurisdiction based in part on these allegations.  To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."  *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)).  But to establish citizenship for diversity purposes, a natural person must be both a U.S. citizen and domiciled in a particular state.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Kentor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Plaintiffs allege their domicile but fail to allege whether they are U.S. citizens.

Plaintiffs' allegations regarding State Farm's citizenship also fall short.  For diversity purposes, a corporation is deemed to be a citizen of both the state in which it has been incorporated and the state where it has its principal place of business. *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)).  A corporation's principal place of business is its "nerve center" wherein its "officers direct, control, and coordinate the corporation's activities."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  The Complaint alleges that State Farm is "an Illinois Corporation," but not where it has its principal place of business.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 23-835-DMG (JCx)** | Date | February 8, 2023 |
| Title | ***Shaw Tabanfar, et al. v. State Farm General Insurance Company*** | Page | 2 of 2 |

Plaintiffs are therefore **ORDERED** to show cause why this action should not be dismissed, without prejudice, for lack of subject matter jurisdiction. By **February 20, 2023**, Plaintiffs shall file a response in which they properly identify their own and State Farm's citizenship for purposes of diversity jurisdiction. Failure to timely respond, or failure to adequately support the basis for this Court's jurisdiction, will result in dismissal of this action, without prejudice.

**IT IS SO ORDERED.**